# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE A.B. HON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:22-CV-1091 RLW |
| CENTENE MANAGEMENT COMPANY, LLC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Stay. (ECF No. 22). Defendant Centene Management Company LLC ("Centene"), the only defendant who has been served and entered an appearance in this matter, opposes the motion, to which Plaintiffs filed a reply memorandum. The motion is ripe for review. For the reasons that follow, Plaintiffs' motion is denied.

Plaintiffs move for a stay in this action pending a decision in Groff v. DeJoy, 35 F.4th 162 (3d Cir. 2022), cert. granted, 143 S. Ct. 646 (2023) (No. 21-1900), which is currently pending before the United States Supreme Court. Plaintiffs argue a stay is warranted because Groff v. Dejoy concerns issues they raise in their Second Amended Complaint, and the Supreme Court's ruling will impact their claims, including whether the more-than-de-minimis-cost test in Title VII religious accommodations stated in Trans World Airlines, Inc. v. Hardison, 432 U.S. 63 (1977), continues to apply. Centene opposes the proposed stay and asserts the undue hardship standard being considered by the United States Supreme Court in Groff v. Dejoy is not implicated in the case at bar.

A district court has the "inherent power to grant a stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." Webb v. R. Rowland & Co., 800 F.2d 803, 808 (8th Cir. 1986). See also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "In determining whether to stay an action, a court must exercise its judgment to 'weigh competing interests and maintain an even balance.'" SDD, SSDD, LLC v. Underwriters at Lloyd's, London, No. 4:13-CV-258 CAS, 2013 WL 2420676, at *4 (E.D. Mo. June 3, 2013) (quoting Landis, 299 U.S. at 254–55). Courts weigh "the potential prejudice or hardship to the parties, as well as the interest of judicial economy." Perrin v. Papa John's Int'l, Inc., No. 4:09-CV-01335-AGF, 2015 WL 3823142, at *4 (E.D. Mo. June 19, 2015) (citations omitted).

Without deciding whether Groff v. Dejoy will impact this case, the Court finds a stay is not warranted at this time. First, the case at bar is in the very preliminary stages. In fact, two of the defendants have not been served. There are no pending dispositive motions, and the Court has neither held a Rule 16 Conference nor entered a scheduling order. Plaintiffs state in their motion that the Supreme Court is expected to render its decision in Groff v. Dejoy by the time the Supreme Court recesses for the summer. In light of this, the Court finds it is likely the Supreme Court will issue its opinion before a motion on the merits of Plaintiffs' claims is even filed in this case. Therefore, there is little to no risk of inconsistent rulings or a waste of judicial resources.

Second, Plaintiffs have not explained why in the absence of a stay, the parties would be forced to undertake burdensome and potentially unnecessary discovery. In their Second Amended Complaint, Plaintiffs bring three counts against Centene, only one of which is for religious

discrimination under Title VII.  To the extent the Supreme Court's opinion in Groff v. Dejoy would apply to Plaintiffs' religious discrimination claim under Title VII and Centene's affirmative defenses thereto, it would not divest this Court of jurisdiction or automatically block a party from going forward with claims or defenses.  In other words, there would be discovery in this case no matter how the Supreme Court rules in Groff v. Dejoy.  Plaintiffs have not shown that the parties would suffer any undue hardship by proceeding with preliminary matters and discovery at this time.  The Court denies Plaintiffs' motion for a stay in this matter, as a stay would only unnecessarily delay these proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Andrew H. Dietrich and Catherine A. B. Hon's Motion to Stay is **DENIED**.  [ECF No. 22].

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of February, 2023.